# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5324 | **DATE** | 3/1/2012 |
| **CASE TITLE** | Trustees of the Pension, Welfare and Vacation Fringe Benefit Funds of IBEW Local 701 vs. CCS Utilities Corporation, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for summary judgment [19] is granted. The Clerk is directed to enter judgment in favor of the Trustees of the Pension, Welfare and Vacation Fringe Benefit Funds of IBEW Local 701 and against CCS Utilities Corporation, in the amount of $18,734.11, inclusive of costs. The case is dismissed without prejudice against Hyong Buchner. Civil case terminated.

■[ For further details see text below.]   Notices mailed by Judicial staff.
*Mail AO 450 form.

# STATEMENT

Plaintiffs, Trustees of the Pension, Welfare and Vacation Fringe Benefit Funds of IBEW Local 701, filed the complaint in this case on August 5, 2011, seeking judgment in their favor in an amount reflecting unpaid contributions to certain funds established for the benefit of members of the International Brotherhood of Electrical Workers Local 701. CSS Utilities Corporation (CSSU) appeared on September 9, 2011 and filed an answer with leave of court on September 20, 2011. The answer admits that this court has jurisdiction under section 301 of the National Labor Relations Act as amended, 29 U.S.C. § 185(a), and section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132. CSSU admits that it is obligated under certain collective bargaining agreements to make fringe benefit contributions on behalf of certain of its employees according to the terms of those agreements. It admits that it has failed to make one contribution required to be paid by it under the terms of the agreements and that under ERISA failure to make contributions will result in judgment for contributions unpaid, costs, liquidated damages in an amount not to exceed 20% of the contributions due, reasonable attorneys fees, and interest. CSSU denied that it owes the amount claimed.

The Trustees' motion for summary judgment includes evidence in compliance with Local Rule 56.1 establishing that CSSU has failed to pay contributions in the amount of $11,200.10; that liquidated damages at the rate of 10 percent (as requested) equals $1,120.01; and that the cost of the audit was $1,250.00. Together, these items amount to $13,570.11 in damages to the Trustees. Counsel for the Trustees have submitted an affidavit reflecting that the law firm of Arnold & Kadjan expended 23.25 hours of labor in prosecuting the claim at a reasonable hourly rate of $200, resulting in an attorney's fee of $4,650.00. Costs included the filing fee of $350.00 and a fee of a process server of $164.00. The total amount of the judgment supported by the evidence, then, is $18,734.11. CSSU has not responded to the Trustees' motion for summary judgment. As a result, the facts set forth in the Trustees Statement of Facts under LR 56.1 are deemed admitted, and the Trustees are entitled to judgment as a matter of law.

**STATEMENT**

The complaint against defendant Hyong Buchner, who has not been served, must be dismissed without prejudice.